Sucrs. de L. Villamil & Co., S. en C., demandante y apelada, *v.* Domingo Quintana, demandado y apelante.

No. 5815.—*Sometido:* Diciembre 7, 1933.  *Resuelto:* Diciembre 19, 1933.

*González Fagundo & González, Jr.,* abogados del apelante; *William J. Gilleran* y *Juan J. Fuertes,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Domingo Quintana, demandado en una acción basada en ciertos pagarés, apela de una sentencia adversa y alega que la corte de distrito cometió error al dar valor probatorio a un documento notarial, como demostrativo de la existencia de una sociedad en comandita, luego de expirar el término especificado en dicho escrito. Véanse los artículos 221, 223 y 228 del Código de Comercio (Estatutos Revisados de 1911, secciones 7780, 7782 y 7787). Una sociedad deja

de existir al expirar el término por el cual fué constituída en lo que a la transacción de nuevos negocios se refiere, pero de conformidad con lo dispuesto en el artículo 228, tal cual ha sido interpretado por la Corte Suprema de España, continúa existiendo con el fin de cobrar las sumas que se le adeuden. Véanse las sentencias de junio 28, 1903; marzo 6, 1900; y octubre 12, 1888. El artículo 51 del Código de Enjuiciamiento Civil exige que toda acción se ejercite a nombre de la parte realmente interesada y el juez de distrito no se excedió en el valor probatorio por él dado al documento en cuestión como evidencia de la capacidad de la demandante para demandar.

▮ A moción de la demandante, la corte de distrito abrió el caso de nuevo después que éste había sido sometido y permitió que la demandante ofreciera prueba adicional. Se señala esto como error. La moción se dirigió a la sana discreción de la corte y no hallamos que se cometiera abuso de tal discreción.

▮ Otra contención es que la corte de distrito cometió error al dictar sentencia sobre pagarés que no estaban suscritos a favor de la demandante, sino a favor de persona jurídica distinta. Los pagarés fueron expedidos a favor de Sucesores de L. Villamil & Co. La prueba demostró que Sucesores de L. Villamil & Co. y Sucesores de L. Villamil & Co., S. en C., eran la misma entidad. La demandante alegó que los pagarés, que se copiaron íntegramente en la demanda, habían sido otorgados a favor de Sucesores de L. Villamil & Co., S. en C., y entregados a esta mercantil. El demandado admitió el otorgamiento y entrega de los pagarés a favor de Sucesores de L. Villamil & Co., más negó la identidad de la tomadora (*payee*) y demandante. Quizá una alegación más específica respecto a un error de nombre hubiese sido la mejor práctica, pero la contestación del demandado, a manera de una negativa, tiende a indicar que él entendió que la demanda significaba que los Sucesores de L. Villamil & Co. mencionados en los pagarés no eran otros que la demandante.

932

No hubo indicación de sorpresa durante el juicio y el apelante admite que si se hubiese alegado un error de nombre, la prueba respecto a la verdadera identidad de la tomadora, no hubiese caído dentro de la prohibición de la regla sobre prueba oral. Bajo las circunstancias, hubiera procedido una enmienda a la demanda durante el curso del juicio, en caso de que fuera necesaria, y puede considerarse ahora que así se hizo.

El cuarto motivo de la apelación es que la corte de distrito cometió error al declarar sin lugar la defensa de prescripción. La prueba demostró repetidos requerimientos de pago y la promesa de pago del demandado, en una forma que de ordinario es suficiente para interrumpir el período fijado por el estatuto, pero el apelante alega que era un fiador, que no se hizo requerimiento alguno al fiado y que él tenía derecho al beneficio de cualquier defensa que pudiera ser aducida por tal fiado. El argumento se basa en una premisa falsa. Quintana firmó cada uno de los pagarés en cuestión como "fiador solidario y principal pagador de esta obligación." En lo que se refería a él y a la tomadora, aquí demandante, él no era un mero fiador, sino una persona obligada solidaria y mancomunadamente.

El error, de haberse cometido, al sostener una objeción a cierta pregunta, al permitir que se hiciera otra pregunta a cierto testigo y al negarse a eliminar la contestación a la misma, fué inofensivo. La contención final de que el juez de distrito cometió error al apreciar la prueba carece de mérito.

*La sentencia apelada debe ser confirmada.*